JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-08402-RGK (Ex) | Date | February 17, 2015 |
|---|---|---|---|
| Title | *ERODOGLIAN v. CITY OF LOS ANGELES, et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS)** Order re: Defendant City of Los Angeles's and Carol Mosher's Motion to Dismiss (DE 14)

## I. INTRODUCTION

On November 25, 2014, Takui Erodoglian ("Plaintiff") filed a First Amended Complaint ("FAC") against the City of Los Angeles, Carol Mosher, and the City of Burbank. Plaintiff alleges claims for (1) Violation of Civil Rights (42 U.S.C. § 1983); (2) Violation of Civil Rights (*Monell*); (3) Violation of California Civil Code § 52.1; (4) Negligence; (5) Negligent Infliction of Emotional Distress; and (6) Intentional Infliction of Emotional Distress.

Presently before the Court is Defendants City of Los Angeles and Carol Mosher's ("Defendants") Motion to Dismiss ("Motion"). For the following reasons, the Court **GRANTS** Defendants' Motion with respect to Plaintiff's § 1983 and *Monell* claims, *sua sponte* dismisses the *Monell* claim against City of Burbank, and **REMANDS** Plaintiff's remaining state law claims.

## II. FACTUAL BACKGROUND

Plaintiff alleges the following in her FAC:

### A. The Incident

On September 25, 2013, Plaintiff left her family business to make a large deposit at her bank. Plaintiff had with her a money bag containing $27,000 in cash and checks. While stopped at an intersection, waiting for the car ahead of her to turn, and boxed in from behind, Plaintiff was violently

attacked.

The attacker broke Plaintiff's car window and struck Plaintiff repeatedly in an attempt to steal the money bag. Plaintiff managed to escape her attacker by accelerating away from the scene and onto a curb.

### B. *Police Involvement*

Los Angeles and Burbank law enforcement officials ("police") observed and/or had foreknowledge of the attack on Plaintiff, but did not intervene.

The police had conducted a six month investigation of the assailants prior to the attack. Through the investigation, the police became aware of the plan to rob Plaintiff. Prior to the attack, the police contacted neighboring businesses, but not Plaintiff, in order to "stake out the assailants' preparation for . . . the crimes against Plaintiff." (FAC, ¶ 22.)

The police observed the assailants following Plaintiff during the entirety of the month that preceded the incident. The police warned neighboring businesses and civilians about the assailants' conduct, but they did not inform Plaintiff that she was in danger.

On the day of the incident, the police observed the "final preparations" for the attack, as well as the attack itself. (FAC, ¶ 24.) They observed assailants changing out the license plates of their vehicles in order to avoid identification by law enforcement. After the attack, LAPD Detective, Defendant Carol Mosher, told investigating officers that she had witnessed the entire event.

Following the incident, Burbank Police officers arrived on scene, assisted Plaintiff, and arrested a suspect.

## III. JUDICIAL STANDARD

A party may move under Rule 12(b)(6) to dismiss for failure to state a claim upon which relief can be granted. In deciding a Rule 12(b)(6) motion, the court must assume that the allegations in the challenged complaint are true and construe the complaint in the light most favorable to the non-moving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). However, the court need not accept as true conclusory legal allegations; threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court shall not consider facts outside the complaint. *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001). Dismissal is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

To withstand a motion to dismiss, a pleading must contain sufficient facts that, accepted as true, state a claim that is plausible on its face. *Iqbal*, 556 U.S. at 678. A claim is facially plausible when there are sufficient factual allegations to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* A complaint does not need detailed factual allegations, but a plaintiff's obligation to provide the grounds of his entitlement to relief requires that he plead more than labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## IV.     DISCUSSION

Defendants argue that Plaintiff's §1983 and *Monell* claims should be dismissed because Defendants did not have a constitutional duty under the Fourteenth Amendment to protect Plaintiff from harms inflicted by third parties. Defendants also argue that Plaintiff's state law claims should be dismissed because Defendants did not have a legal duty to protect Plaintiff.

For the following reasons, the Court dismisses all of Plaintiff's federal claims and remands Plaintiff's state law claims.

### A.     Section 1983 Claim

Defendants argue that Plaintiff has failed to allege any facts that constitute a violation of Plaintiff's Fourteenth Amendment Substantive Due Process or Equal Protection rights.

#### 1.     *Substantive Due Process*

Generally, individuals do not have a constitutional right to protection from private harms, even where such aid is necessary to secure life, liberty, or property. *DeShaney v. Winnebago Cnty. Dept. of Soc. Servs.*, 489 U.S. 189, 197 (1989). There are two exceptions to this general rule: (1) where there is a "special relationship" between the state and plaintiff, or (2) where the state has affirmatively acted to create or increase the risk of danger to plaintiff. *Kennedy v. City of Ridgefield*, 439 F.3d 1055, 1070 (2006).

##### a.     Special Relationship Exception

Defendants argue that there was no special relationship between Defendants and Plaintiff because a custodial relationship did not exist between them. The Court agrees.

A special relationship "stemming from a custodial relationship between the state and the victim" may give rise to a duty to protect against private harms on the part of the state. *Kennedy*, 439 F.3d at 1070. The U.S. Supreme Court in *DeShaney v. Winnebago County Department Of Social Services* acknowledged the principle that "when the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being." *DeShaney*, 489 U.S. at 199–200.

Here, Plaintiff does not allege the existence of a custodial relationship that would give rise to a duty to protect her from private harms. Based on the allegations, it is reasonable to infer that Plaintiff was never in the custody of Defendants, nor did Defendants ever act to limit Plaintiff's liberty or otherwise impair her ability to fend for herself.  The "special relationship" exception simply does not apply here.

##### b.     State-Created Danger Exception

Alternatively, Plaintiff alleges a substantive due process violation under the "state-created danger" exception. The state-created danger exception is comprised of two elements: (1) state action that affirmatively places the plaintiff in a position of danger, and (2) "deliberate indifference" on the part of the state in disregarding a known or obvious consequence of its actions. *Kennedy*, 439 F.3d at 1061. In determining whether the state placed the plaintiff in danger, courts primarily consider whether the defendant's conduct exposed the plaintiff to a danger that he or she would not have otherwise faced. *Id.* at 1062.

For example, in *Wood v. Ostrander*, the Ninth Circuit held that the state placed the plaintiff in danger when it impounded her car and left her stranded in a high-crime area where she was subsequently raped. 879 F.2d at 588–90. Similarly, in *Munger v. City of Glasgow Police Dept.,* the court held that removing a drunken and lightly clothed man from a bar and denying him shelter from subfreezing temperatures exposed him to danger. 227 F.3d at 1087.

Here, Plaintiff has failed to allege affirmative conduct on the part of Defendants in creating or exposing her to danger. According to Plaintiff's FAC, Defendants conducted a six month surveillance in which they observed the assailants move from Los Angeles to Burbank and stalk Plaintiff for a month. (FAC., ¶ 22-23.) The FAC further alleges that Defendants reached out to local businesses to set up a stakeout, and apprised the people around Plaintiff, but not Plaintiff herself, of the danger posed by the assailants. (*Id*. at ¶ 23.) Finally, Plaintiff alleges that Defendants did nothing at all to protect her from these criminals. (*Id*. at ¶ 21.)

Unlike in *Wood*, Defendants did not affirmatively cause Plaintiff to be stranded in a dangerous situation. Unlike in *Munger*, Defendants did not remove Plaintiff from a position of relative safety into one of peril. Whatever fault may be attributed to Defendants' alleged actions, these allegations are insufficient to show that Defendants affirmatively acted to expose Plaintiff to a danger that she would not have faced otherwise.

At most, Plaintiff alleges that the state failed to act. Such allegations, however, are insufficient to invoke the state-created danger doctrine. The state-created danger exception requires affirmative state action exposing the plaintiff to a risk that she would not have otherwise faced. Absent affirmative conduct, a special relationship is required to impose liability for harms caused by third parties. The Court has already found that the special relationship exception is inapplicable on these facts. (*See* discussion *supra* Part IV.A.1.a.)

Accordingly, Plaintiff has not sufficiently alleged a state-created danger—one that placed her in a more dangerous position than had Defendants not acted. While, Plaintiff argues that Defendants made her relatively more susceptible to attack by only warning her neighbors, (Opp'n, 6:11–17), Plaintiff's FAC does not give rise to an inference that Plaintiff was targeted *because* of Defendants' actions, or that she would not have been targeted had Defendants not acted.

Because Plaintiff has failed to plausibly establish that Defendants' conduct placed her in a dangerous position, the Court does not reach the second element involving "deliberate indifference" to a known or obvious danger.

For the foregoing reasons, the Court finds that Plaintiff's Substantive Due Process claim fails. Moreover, the facts alleged in the FAC indicate that Plaintiff cannot cure this defect.

### 2. *Equal Protection*

A plaintiff may state a "class of one" claim for violation of equal protection where the state singles out a plaintiff for disparate treatment from others similarly situated with no rational basis for doing so. *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 592 (9th Cir. 2008).

Plaintiff has failed to allege sufficient facts to support a claim for violation of the Equal Protection Clause. Plaintiff's allegations are mostly conclusory in that they merely state the existence of an equal protection violation without providing supporting facts. Moreover, the facts alleged indicate that this defect cannot be cured.

Accordingly, the Court finds that Plaintiff has failed to state a claim for violation of equal protection.

### B. *Monell* Claim

Defendants argue that Defendant City of Los Angeles cannot be held liable under *Monell* because Plaintiff has not suffered a constitutional injury. The Court agrees.

While a claim for municipal liability will survive a motion to dismiss based only on bare allegations that an individual's conduct conformed to an official policy, custom, or practice, *Lee v. City of L.A.*, 250 F.3d 668, 682-83 (9th Cir. 2001),[1] such liability will not lie where the Plaintiff does not in fact suffer a constitutional violation. *Estate of Amos ex rel. Amos v. City of Page, Ariz.*, 257 F.3d 1086, 1094-95 (9th Cir. 2001).

Because the Court has found that Plaintiff failed to allege a constitutional violation, Plaintiff cannot support a claim for municipal liability against Defendant City of Los Angeles. Additionally, the Court, *sua sponte*, dismisses Plaintiff's *Monell* claim against Defendant City of Burbank, as it is premised on the same allegations.

### C. Remand

A court may order remand for lack of subject matter jurisdiction at any time prior to entry of final judgment. 28 U.S.C. § 1447(c). The Court finds that Plaintiff has not stated a claim for which there is federal jurisdiction. Therefore, the Court, in its discretion, declines to exercise supplemental jurisdiction over Plaintiff's remaining claims and remands those claims to state court.

### V. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motion to Dismiss Plaintiff's §1983 and *Monell* claims, **DISMISSES**, *sua sponte*, Plaintiff's *Monell* claim against City of Burbank, and **REMANDS** Plaintiff's remaining state law claims to state court for all further proceedings.

**IT IS SO ORDERED.**

:

**Initials of Preparer**

---

[1] Impliedly overruled on other grounds by *Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119, 1125-26 (9th Cir. 2002)